EMMA B. HILDINGER v. KATE M. TOOTLE, M. T. HILDINGER, *et al.*

**No. 604.** ( 58 Pac. 226.)

1. PRACTICE, DISTRICT COURT— *Garnishment — Case-made.* In a garnishment proceeding under the statute both the plaintiffs and the garnishee excepted to the judgment of the court, and the court entered an order giving "both the plaintiffs and garnishee defendant . . . each ninety days from date within which to serve case-made upon the other defendants. *Held,* that the words "upon the other defendants" are mere surplusage and not words of limitation, and that under the order the garnishee was entitled to serve a case-made upon the plaintiffs.

2. ———— *Certificate to Case-made — Parties.* The certificate of the trial judge stated that the case-made was presented as a case-made in the original action and that the plaintiffs appeared by their attorneys and the defendants by their attorneys, while it was silent as to the garnishee, now plaintiff in error. Section 238 of the civil code (Gen. Stat. 1897, ch. 95, § 238; Gen. Stat. 1899, § 4460) provides that the proceedings against the garnishee shall be deemed an action by plaintiff against the garnishee and defendant, as parties defendant. *Held,* that under said provision the certificate is sufficient.

3. CHATTEL MORTGAGE— *Sale of Mortgaged Property — Garnishment.* A chattel-mortgage sale of a stock of merchandise was fair in all respects except that the stock was sold in bulk for less than its real value and was bought by the mortgagee. On the day of the said sale the plaintiff in error in good faith purchased the stock of merchandise from the said mortgagee, paying therefor the price it had brought at the mortgage sale. *Held,* that the plaintiff in error was not liable as garnishee in an action brought by the creditors of the mortgagors against the latter.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed September 19, 1899. Reversed.

*H. Whiteside,* for plaintiff in error.

*John W. Roberts,* and *J. W. Rose,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by Kate M.
Tootle and others, constituting the firm of Tootle,
Wheeler & Motter, against M. T. Hildinger and
Mrs. Dora Richardson, copartners as M. T. Hildinger
& Co., to recover upon an account for merchandise
sold and delivered to the defendants.   Soon after the
commencement of the action the plaintiffs caused
garnishment summons to be issued and served upon
several persons, among whom was Emma B. Hil-
dinger, the wife of M. T. Hildinger.   The main ac-
tion resulted in a judgment in favor of the plaintiffs
and against the defendants in the sum of $2577.98.
Thereafter, Mrs. Hildinger having answered that she
was not indebted to the defendants at the date of the
service of the garnishee summons or thereafter, and not
in possession of any property belonging to the defend-
ants at such times, the plaintiff elected to take issue
on said answer, and a trial was had of the issue joined
by the affidavit in garnishment and the garnishee's
affidavit, as provided for by the statute.   The record
before us purports to contain the evidence and the
proceedings connected with such trial, the proceed-
ings in error having been brought by Mrs. Hildinger,
the garnishee.   The defendants in error have filed a
motion to dismiss such proceedings.

One ground of the motion is that Mrs. Hildinger
was not granted an extension of time in which to
make and serve a case-made upon *plaintiffs*, the first
extension order reading that the court "gave both the
plaintiffs and garnishee defendant, Emma B. Hildin-
ger, each ninety days from date within which to serve
case-made upon the *other defendants*."   The conten-
tion is not good.   The words "upon the other defend-
ants" are mere surplusage and not words of limitation.

Another ground of the motion to dismiss is that the certificate of the trial judge states that the case-made was presented as a case-made in the original action, and that the plaintiffs appeared by their attorneys and the defendants by their attorneys, while it is silent as to the garnishee, Emma B. Hildinger. Section 238 of the civil code (Gen. Stat. 1897, ch. 95, § 238; Gen. Stat. 1899, § 4460) in part reads:

"The proceedings against the garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto."

Under this provision the certificate is sufficient. Besides this, we have before us affidavits showing that the attorneys for Mrs. Hildinger prepared and served the case-made herein and presented the same for settlement.

The other grounds of the motion point out mistakes and deficiencies in the record and in the brief of counsel for the plaintiff in error. The matters referred to have been examined and none has been found sufficient to require a dismissal of the petition in error.

The material facts appearing in the record are as follows: In the fall of 1893, M. T. Hildinger & Co., who had for several years conducted a general merchandise business at Nickerson, Kan., a division point of the Atchison, Topeka & Santa Fe Railroad Company, found themselves short of funds with which to pay accounts due wholesale dealers. Their trade was largely with railroad employees, and at the time stated the railroad company was in arrears with its employees. As a result of the conditions named, Hildinger & Co., on February 22, 1894, executed three chattel mortgages upon their goods and accounts—the first to W. W. Aldrich and others, to secure accounts

aggregating $5117.29; the second to Bittman-Todd Grocery Company and others, for $4426.43; and the third to other creditors, to secure accounts aggregating about $7000. The mortgages were recorded in the order of their priority as just stated. Upon the delivery of the mortgages, W. W. Aldrich took possession of the mortgaged property for the first mortgagees and began to sell goods and collect accounts. He sold the grocery stock in bulk, and within four weeks received from collections and sales $5000, which he applied on the first mortgage, and thereupon turned the stock over to the second mortgagees. The latter began to sell the goods at retail, but presently decided to advertise the property for sale under the mortgage, to be sold on April 7, 1894. Notices of the sale were duly posted, and all of the creditors of Hildinger & Co. were notified in writing that such sale would take place, and Hildinger & Co. were aware of the fact.

On the day of sale it was decided, with the approval of the mortgagees and of the creditors present, to sell the stock in bulk, which was accordingly done, no objection on the part of any one being made to the manner of the sale. An agent of the second mortgagees purchased the stock for such mortgagees. Shortly after the sale, Mrs. Hildinger, through her husband as her agent, made arrangements with the second mortgagees to buy the stock of goods. The agreed consideration was $4300, $2000 in cash and $2300 to be secured by a chattel mortgage on the goods. The Bank of Nickerson supplied the cash and took security satisfactory to itself. The sale and purchase were on the same day completed on that basis, and the goods turned over to M. T. Hildinger as agent for Mrs. Hildinger, and up to the time of trial she had remained

in possession thereof.    M. T. Hildinger was at all the times named insolvent, and Mrs. Hildinger had no money or property with which to make the said purchase except the money borrowed as stated.    It appears that the business became somewhat prosperous, and the debt to the second mortgagees and to the bank had been paid prior to the trial herein, which occurred about one year after the purchase.

The court. found that the goods were actually worth $5253.72—that is, $953.72 more than the price at which the same were sold at the mortgagees' sale to Mrs. Hildinger ; that the sale was unfair because the goods were sold in bulk to the mortgagees and for less than their fair value ; and that in all other respects the sale was fair.    The court's conclusions of law were : That the plaintiffs were entitled to maintain their action in garnishment against Mrs. Hildinger ; that the sale of the goods by the second mortgagees and the purchase thereof by Mrs. Hildinger were unfair and void ; and that Mrs. Hildinger had at the commencement of the action in her possession money and property subject to garnishment in the sum of $953.72.    Judgment was thereupon rendered accordingly.

There is nothing in the findings of the court to impeach the good faith of the plaintiff in error in the transaction whereby she became the owner of the goods in question, and it follows that, by reason of her purchase of the goods, title to the same passed from the mortgagors and the mortgagees alike.    The plaintiff in error, being the owner of the stock of goods by purchase in good faith from the mortgagees, was not liable as garnishee, since she held no property belonging to M. T. Hildinger & Co.    If, therefore, the plaintiffs had a right of action against any one because of the improper manner in which the goods were dis-

posed of, such right of action was against the mortgagees by whose conduct the loss was occasioned. In the case of *Wygal v. Bigelow*, 42 Kan. 477, 22 Pac. 612, the third paragraph reads :

·'' When the mortgagee of a chattel takes possession of the mortgaged property upon default, and at a sale thereof unlawfully, fraudulently and unfairly buys in the property at a price greatly less than its actual or market value, and soon thereafter sells and disposes of large portions of the same, so that the property cannot be returned or redeemed, the mortgagor may maintain an action to recover the excess of the value of the mortgaged property over the amount of the debt secured by the· mortgage, without the tender of the amount of the debt, or making payment." .

The district court erred in rendering judgment against the plaintiff in error. The judgment will be reversed and the cause remanded for a new trial.